1
2
3
4
5
6
7
8
9
UNITED STATES DISTRICT COURT

10
SOUTHERN DISTRICT OF CALIFORNIA

11

12  JEFF HAWKINS,
    PFN #AQE810,
13
                                    Plaintiff,
14  v.

15
    MARCUS POLLARD, Warden; B.D.
16  PHILLIPS, Associate Warden; D. LEWIS,
    Associate Warden; GARCIA, Facility
17  Captain,

18                                  Defendants.
19

20

21

22

| | |
|---|---|
| Case No.:  21-cv-01328-JO-JLB | |

**REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION TO DISMISS**

**[ECF No. 17]**

23        This Report and Recommendation is submitted to United States District Judge
24  Jinsook Ohta pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72.3 of the Local Rules
25  of Practice for the United States District Court for the Southern District of California.
26        On July 23, 2021, Plaintiff Jeff Hawkins ("Plaintiff"), a state prisoner proceeding
27  *pro se* and *in forma pauperis*, filed his Complaint pursuant to 42 U.S.C. § 1983 against
28  Warden Marcus Pollard, Associate Wardens B.D. Phillips and D. Lewis, and Facility

Captain Garcia (collectively, "Defendants").  (ECF No. 1.)[1]  Now pending before the Court and ready for decision is Defendants' Motion to Dismiss.  (ECF No. 17.)  Plaintiff filed an opposition to Defendants' Motion to Dismiss (ECF No. 20), and Defendants filed a reply (ECF No. 22).  After a thorough review of Plaintiff's Complaint, the parties' motion and opposition papers, and all supporting documents, and for the reasons discussed below, the Court **RECOMMENDS** that the District Court **GRANT** Defendants' Motion to Dismiss (ECF No. 17), but grant Plaintiff leave to amend his Complaint.

## I.     BACKGROUND

Plaintiff alleges Defendants acted with deliberate indifference to his health and safety in violation of the Eighth Amendment based on their failure to protect him from contracting COVID-19 while he was incarcerated at Richard J. Donovan Correctional Facility ("RJD").[2]  (ECF No. 1 at 3–5.)

Specifically, Plaintiff claims he suffers from asthma and "chronic pulmonary lung disease" which put him at an increased risk of serious disease or death if he contracted COVID-19.  (*Id.* at 3.)  Plaintiff was infected with COVID-19 on December 8, 2020.  (*Id.* at 3, 35.)  He contends Defendants provided inadequate protections from exposure to the virus.  (*Id.* at 3.)  For example, Plaintiff claims Defendants issued poor quality face masks and placed inmates that were infected with COVID-19 in housing units with non-infected inmates, in violation of "the current public health orders to practice six feet social distanc[ing]." (*Id.*)  Defendants allowed inmates "to use showers [and] phones which were also infected." (*Id.*)  Plaintiff observed RJD staff wearing their masks improperly.  (*Id.*)  Defendants allowed inmates who tested positive for COVID-19 to serve food at the prison.  (*Id.* at 4.)  RJD staff kept inmates locked in their cells for 24 hours a day with "no yard."

---

[1]     All page citations in this Report and Recommendation refer to those automatically generated by the CM/ECF system.

[2]     Plaintiff is currently confined at Santa Rita County Jail ("SRCJ").  (*See* ECF Nos. 7; 17-2 at 2 ¶ 4.)  Prior to arriving at SRCJ, Plaintiff was confined at RJD.  (*See* ECF No. 1.)

(*Id.*)  Plaintiff had no access to disinfectant between December 5, 2020, and December 8, 2020. (*Id.*)  When he finally received disinfectant, it smelled like urine and was ineffective because it was watered down. (*Id.*)  Cleaning supplies were "not strong enough to keep people from contracting COVID-19." (ECF No. 20 at 5.)  Defendants "failed to provide proper [personal protective equipment] until N-95 [masks] were issued." (ECF No. 1 at 5.)  "[L]iving conditions in [Plaintiff's] cell were terrible although [he] kept [his] cell clean with what cleaning supplies [Defendants] provided. (ECF No. 20 at 5.)  Defendants "were aware of what was going on . . . they just did nothing to prevent what was coming until after it was there." (*Id.*)  When Plaintiff contracted COVID-19, Defendants left Plaintiff "in the cell most of the time for dead with no medical attention whatsoever." (ECF No. 1 at 3.)

Plaintiff argues these actions caused the COVID-19 outbreak in the housing unit where Plaintiff was infected. (*Id.*)  Plaintiff's symptoms included "chest pain, bone aches, [diarrhea], queasy most [recent], has chronic pulmonary lung disease, couldn't smell or eat. . . ." (*Id.*)  Plaintiff states he filed two individual 602 inmate grievances: the first grievance requested "release to home for high risk" due to COVID-19, and the second was filed as an emergency grievance because he wanted an answer to his first grievance sooner. (*Id.* at 3, 8–11.)  Plaintiff states that neither grievance received a response. (*Id.* at 3.)

Plaintiff seeks "the maximum allowable amount" of monetary and punitive damages for Defendants' failure to protect him from contracting COVID-19. (*Id.* at 7.)  Plaintiff also seeks an injunction because he "would like the staff to stop being so forceful and be more [lenient] to the need[s] of inmates. . . ." (*Id.*)

## II.   REQUEST FOR JUDICIAL NOTICE

As a preliminary matter, Defendants ask the Court to take judicial notice of three exhibits submitted in support of their Motion to Dismiss:

**Exhibit A –** U.S. District Court, Sothern District (San Diego), Civil Docket for Case No. 3:21-cv-01328-JO-JLB;

///

**Exhibit B** – Order Appointing Receiver, *Plata v. Newsom*, Case No. 01-CV-01351-JST (N.D. Cal. Feb. 14, 2006) (ECF No. 473); and

**Exhibit C** – Relevant portions of a certified transcript of the video recording of Senate Public Safety Committee Senate Hearing on COVID-19 in California State Prisons on July 1, 2020, published at https://www.senate.ca.gov/media/senate-publicsafety-committee-20200701/video (last visited Dec. 14, 2021).

(ECF No. 17-1 at 1.)

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint. . . ." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002)); *see also* Fed. R. Civ. P. 12(d) (explaining that if the court considers other materials, a motion brought pursuant to Rule 12(b)(6) or (c) is converted into a motion for summary judgment under Rule 56). There are two exceptions to this general rule. The Court may, without converting the motion to dismiss to one for summary judgment, "take judicial notice of matters of public record," *Khoja*, 899 F.3d at 999 (quoting *Lee*, 250 F.3d at 689), and of "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith*, 307 F.3d at 1125–26; *see also* Fed. R. Evid. 201.

Judicial notice under Federal Rule of Evidence 201 permits a court to take notice of undisputed facts in matters of public record. *See Khoja*, 899 F.3d at 999. A court may not take judicial notice of disputed facts contained in such public records. *Id.* A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b).

///

The Court finds Exhibits A, B, and C proper for judicial notice, as they are matters of public record.  *See Jones v. Pollard*, No. 21-cv-162-MMA-RBM, 2022 WL 706926, at *4 (S.D. Cal. Mar. 9, 2022) (citing *Hayes v. Woodford*, 444 F. Supp. 2d 1127, 1136–37 (S.D. Cal. 2006) (Courts may take judicial notice of their own records, and may also take judicial notice of other court proceedings if they "directly relate to matters before the court"); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010) ("The court may take judicial notice of the existence of unrelated court documents, although it will not take judicial notice of such documents for the truth of the matter asserted therein."); *Lopez v. Bank of Am., N.A.*, 505 F. Supp. 3d 961, 970–71 (N.D. Cal. 2020) (finding that publicly available congressional records, including transcripts of congressional hearings, are proper for judicial notice)).  However, any potentially disputed facts contained within Exhibits B and C are not appropriate for judicial notice.  "Defendants appear to want this Court to take as true factual representations made within [the proffered document] to draw related inferences, but the Court cannot do so because they go to the heart of the Plaintiff's allegations."  *Harris v. Allison*, No. 20-cv-09393-CRB, 2022 WL 2232525, at *3 (N.D. Cal. May 18, 2022) (citing *Khoja*, 899 F.3d at 999).  The Court will take judicial notice of the fact that a receiver was appointed to oversee the operation of the medical system of the California Department of Corrections and Rehabilitation ("CDCR"),[3] but the Court will not take judicial notice of the manner in which that oversight is conducted in practice or the relative liability of CDCR personnel.  Therefore, the Court **GRANTS** Defendants' request as qualified by the Court.  Accordingly, the Court takes judicial notice of Exhibits A, B, and C referenced above, but not the potentially disputed facts contained within Exhibits B and C.

*///*

---

[3]      This is not disputed by Plaintiff, who acknowledges the same in his Opposition. (ECF No. 20 at 4–6.)

### III.   LEGAL STANDARDS

**A.   Motion to Dismiss for Failure to State a Claim**

Federal Rule of Civil Procedure 8 requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of the claims in the complaint. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In ruling on a Rule 12(b)(6) motion to dismiss, the court does not look at whether the plaintiff will "ultimately prevail but whether the [plaintiff] is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court may consider allegations contained in the pleadings, exhibits attached to the complaint, and documents and matters properly subject to judicial notice. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007); *Roth v. Garcia Marquez*, 942 F.2d 617, 625 n.1 (9th Cir. 1991).

*Ashcroft v. Iqbal* sets forth a "two-pronged approach" for evaluating the sufficiency of a complaint, whereby a court may first identify legal conclusions in the complaint not entitled to an assumption of truth, and then analyze the remaining well-pled factual allegations to determine whether the complaint states a plausible claim for relief. 556 U.S. 662, 678–79 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not entitled to an assumption of truth. *Id*. "[D]etailed factual allegations" are not required, but a complaint must contain "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id*. Thus, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679. At the second prong, the court will analyze those well-pled facts that are entitled to the assumption of truth. *Id*. at 678. "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678–79; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss*, 572 F.3d at 969 (quotations omitted).

**B.     Standards Applicable to *Pro Se* Litigants in Civil Rights Actions**

With respect to an inmate who proceeds *pro se*, his factual allegations, "however inartfully pleaded," must be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (reaffirming that this standard applies to *pro se* pleadings post-*Twombly*). Thus, where a plaintiff appears *pro se* in a civil rights case, the Court must construe the pleadings liberally and afford plaintiff any benefit of the doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, in giving liberal interpretation to a *pro se* civil rights complaint, courts may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones v. Cmty. Redevelopment Agency of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (internal quotation omitted).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure. *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624–25 (9th Cir. 1988). Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend. *Id.*; *see also James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).

## IV.   <u>DISCUSSION</u>

Defendants advance three arguments in seeking to dismiss Plaintiff's Complaint. First, Defendants argue that Plaintiff fails to sufficiently allege an Eighth Amendment

violation because his Complaint is silent "as to how these Defendants failed to protect Plaintiff from exposure and infection" and "about whether Defendants knew that Plaintiff was at higher risk because he suffered from asthma and chronic pulmonary lung disease." (ECF No. 17 at 13–17.)   Second, Defendants argue that they are entitled to qualified immunity because Plaintiff cannot show they violated any "clearly established right to be free from all COVID-19 exposure and infection." (*Id.* at 18–20.)   Finally, Defendants argue Plaintiff's demand for injunctive relief must be dismissed as moot because he is no longer in custody at RJD. (*Id.* at 20–22.)   For the reasons stated below, the Court agrees that Plaintiff's Complaint fails to allege facts sufficient to support a plausible Eighth Amendment claim for relief as to any of the named Defendants.

Because Plaintiff is proceeding *pro se* in this civil rights case, the Court has a duty "to construe the pleadings liberally and to afford [Plaintiff] the benefit of any doubt." *Hebbe*, 627 F.3d at 342 (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).   Although Plaintiff separates his Complaint into three counts, the gravamen of his claims center on Defendants' failure to protect him from contracting COVID-19 and their alleged deliberate indifference to his health and safety.[4]

**A.   Failure to State a Claim**

1.   Applicable Law

The Eighth Amendment, which applies to the states through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes. *Wilson v. Seiter*, 501 U.S. 294, 296–97 (1991).   Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).   The Eighth Amendment requires, however, that

---

[4]   Although Plaintiff mentions "dental medical transfer" (which the Court construes as "denial [of] medical transfer") (*see* ECF No. 1 at 4), he alleges no facts related to this complaint.   The Court cannot find that Plaintiff has satisfied the pleading requirements of Rule 8 where a claim is not substantively addressed with any factual allegations in the body of the Complaint.

prison officials ensure that inmates receive adequate food, clothing, shelter, and medical care. *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005) (citations omitted).

A plaintiff who challenges conditions of confinement must essentially make two showings to demonstrate a violation of the Eighth Amendment. *Hearns*, 413 F.3d at 1042. First, the plaintiff must "make an objective showing that the deprivation was 'sufficiently serious' to form the basis for an Eighth Amendment violation." *Id.* (quoting *Wilson*, 501 U.S. at 298). Second, the plaintiff must make a subjective showing that the prison officials at issue acted "with a sufficiently culpable state of mind." *Id.* A plaintiff must show that the prison officials at issue had actual knowledge of plaintiff's basic human needs and deliberately refused to meet those needs. *Id.* Finally, a plaintiff must also demonstrate that the prison officials at issue caused the deprivation about which he complains. *See Johnson v. Duffy*, 588 F.2d 740, 743–44 (9th Cir. 1978).

Where, like here, a plaintiff seeks to hold individual defendants personally liable for damages, the causation inquiry between the deliberate indifference and the Eighth Amendment deprivation requires a very individualized approach which accounts for the duties, discretion, and means of each defendant. *Sweet v. Lucine*, 2002 WL 31855365, at *4 (N.D. Cal. 2002), aff'd, 76 Fed. Appx. 133 (9th Cir. 2003) (citing *Leer v. Murphy*, 844 F.2d 628, 633 (1988)). The prisoner must set forth specific facts as to each individual defendant's deliberate indifference. *Id.* (citing *Leer*, 844 F.2d at 633–34). There must be an affirmative link between a defendant's actions and the claimed deprivation. *See Rizzo v. Goode*, 423 U.S. 362 (1976).

2. Analysis

Among other things, Plaintiff alleges that inmates that were infected with COVID-19 were placed in housing units with non-infected inmates (ECF No. 1 at 3), and that inmates who tested positive for COVID-19 served food to non-infected inmates at the prison. (*Id.* at 4.) "[T]here is no question that an inmate can face a substantial risk of serious harm in prison from COVID-19 if a prison does not take adequate measures to counter the spread of the virus. Courts have long recognized that conditions posing an

elevated chance of exposure to an infectious disease can pose a substantial risk of serious harm." *Chunn v. Edge*, 465 F. Supp. 3d 168, 200 (E.D.N.Y 2020).   While Plaintiff's allegations lack precision—such as whether any infected inmates were actually housed with Plaintiff himself or served Plaintiff his food—construing these and other allegations in Plaintiff's favor, they are sufficient to plead an objective risk of substantial harm.  *See, e.g.*, *Sanford v. Eaton*, No. 20-cv-00792-BAM (PC), 2021 WL 1172911, at *7 (E.D. Cal. Mar. 29, 2021) ("The transmissibility of the COVID-19 virus in conjunction with Plaintiff's living conditions, which he alleges were overcrowded and poorly ventilated, are sufficient to satisfy the objective prong, i.e., that Plaintiff was 'incarcerated under conditions posing a substantial risk of serious harm.'").

However, there are no factual allegations which plausibly allege that these individual Defendants had actual knowledge of Plaintiff's basic human needs and deliberately refused to meet those needs.  *See Williams v. Pollard*, No. 21-cv-0055-CAB-BGS, 2022 WL 184552, at *10–11 (S.D. Cal. Jan. 19, 2022) (dismissing individual defendants where the plaintiff failed to include factual allegations which showed that they "actually drew an inference that [p]laintiff faced a substantial risk to his health and safety and were deliberately indifferent to that risk.")   In fact, other than in the "Parties" section of the Complaint form where the Defendants are identified by name and title (ECF No. 1 at 2), none of the Defendants is mentioned individually again in the entire Complaint.   All conditions and circumstances complained of are ascribed in conclusory and general fashion to "the Defendants."   The pleading standard required to overcome a Rule 12(b)(6) motion to dismiss "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555.  "A pleading that offers 'labels and conclusions' or 'a formalistic recitation of the elements of a cause of action'" or "tenders 'naked assertion(s)' devoid of 'further factual enhancement,'" does not survive a Rule 12(b)(6) motion to dismiss.  *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555.

///

Accordingly, because Plaintiff has failed to allege deliberate indifference by Defendants, he has failed to plead a cognizable Eighth Amendment claim. Therefore, the Court **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED** with leave to amend.[5]  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

**B.    Injunctive Relief**

1.    <u>Applicable Law</u>

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If a court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102. In the context of prisoner civil rights litigation, if a prisoner challenges his conditions of confinement and seeks injunctive relief, transfer to another prison generally renders the request for injunctive relief moot absent some evidence of an expectation of being transferred back. *Andrews v. Cervantes*, 493 F.3d 1047, 1053 n. 5 (9th Cir. 2007).

2.    <u>Analysis</u>

As articulated by the Ninth Circuit in *Wiggins*, claims for non-monetary relief brought under 42 U.S.C. § 1983 are moot if the prisoner-plaintiff is no longer subject to

---

[5]    In light of the foregoing, the Court does not reach Defendants' additional arguments related to qualified immunity. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001) ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity."); *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998) ("[T]he better approach to resolving cases in which the defense of qualified immunity is raised is to determine first whether the plaintiff has alleged the deprivation of a constitutional right at all.").

the alleged illegal conduct.  *Wiggins v. Rushen*, 760 F.2d 1009 (9th Cir. 1985).  Here, Plaintiff's claim for injunctive relief is subject to dismissal pursuant to this holding.  In *Wiggins*, a prisoner brought an action under 42 U.S.C. § 1983 claiming that the access to the law library at California Training Facility at Soledad was unconstitutionally inadequate. *Id.* at 1010.  While the case was pending, the prisoner was transferred to another prison. *Id.*  Defendants then filed a motion to dismiss the case for mootness, which was denied by the district court.  *Id.*  The Ninth Circuit reversed, holding that since the prisoner had been transferred and was no longer subject to the illegal activity, his complaint for an injunction was moot.  *Id.*  Similarly, Plaintiff here has been transferred from the custody of RJD to the custody of SRCJ and is no longer subject to any alleged illegal conduct at RJD—such as the prison's staff being too "forceful."  (ECF Nos. 1 at 7; 7; 17-2 at 2 ¶ 4.)

Because there is neither a reasonable expectation nor demonstrated probability that Plaintiff will return to the custody of RJD, his request for non-monetary relief is moot.  *See Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (concluding prisoner's claims for injunctive relief were moot because prisoner was transferred to a different facility); *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) (concluding prisoner's "claim that he might be transferred back to Calipatria some time in the future [was] 'too speculative' to prevent mootness").  Accordingly, the Court recommends that Plaintiff's claim for injunctive relief be dismissed as moot without leave to amend, so long as he is not in RJD custody.

## V.     <u>CONCLUSION</u>

For the reasons stated above, the Court **RECOMMENDS** that Defendants' Motion to Dismiss (ECF No. 17) be **GRANTED**.  However, because it is not clear that the Complaint's deficiencies cannot be cured by amendment, the Court recommends that Plaintiff's Eighth Amendment claim against Defendants be dismissed **without prejudice and with leave to amend**.

**IT IS ORDERED** that no later than <u>**October 4, 2022**</u>, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should

be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **October 14, 2022**.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir 1991).

**IT IS SO ORDERED**.

Dated:  September 7, 2022

Hon. Jill L. Burkhardt
United States Magistrate Judge

13

21-cv-01328-JO-JLB