UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF HAWKINS,<br><br>        Plaintiffs,<br><br>v.<br><br>MARCUS POLLARD, et al.,<br><br>        Defendants. | Case No.: 21cv1328-JO-JLB<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

On July 23, 2021, Plaintiff Jeff Hawkins, a state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. Dkt. 1. On November 1, 2022, the Court dismissed Plaintiff's complaint for failure to state a claim and granted Plaintiff leave to file an amended complaint by December 14, 2022. Dkt. 25. Plaintiff failed to file an amended complaint. On May 26, 2023, the Court ordered Plaintiff to show cause why the action should not be dismissed for failure to prosecute. Dkt. 27. Plaintiff's written response to the order to show cause was due on June 5, 2023. *Id.* Plaintiff failed to respond to the order to show cause.

Federal Rule of Civil Procedure 41(b) governs involuntary dismissal. Fed. R. Civ. P. 41(b). Before dismissing under Rule 41(b), a district court must weigh five "essential factors": "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423–24 (9th Cir. 1986). "A dismissal for lack of prosecution must be supported by a showing of unreasonable delay," which "creates a presumption of injury to the defense." *Id.* at 1423 (citations omitted).

The Court examines the five "essential factors" set forth in *Henderson* and finds that they weigh in favor of dismissing the case. Plaintiff has unreasonably delayed the filing of an amended complaint after the initial complaint was dismissed on November 1, 2022. Despite being granted forty-three days after the dismissal for the amendment, Plaintiff failed to meet the Court's deadlines. To this day, over three months after the Court's order to amend the complaint, Plaintiff still has not complied with the Court's order nor requested an extension of time to do so. Based on these facts, the Court finds that the public's interest in speedy litigation and the Court's need to manage its docket weigh in favor of dismissal. The Court also finds that prejudice to Defendants can be presumed from the length of this delay. Moreover, by not requesting an extension or even filing a response to the Court's order to show cause, Plaintiff has requested no alternative sanction nor demonstrated a desire to prosecute this case. The Court, therefore, finds that dismissal is the appropriate sanction in this case.

Accordingly, the Court dismisses the case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. The Clerk of the Court is directed to close this case.

///

///

**IT IS SO ORDERED.**

Dated: July 17, 2023

_____
Honorable Jinsook Ohta
United States District Judge